# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**CARLISSA ROBINSON** and **JERMANY GOODMAN** *Individually and on behalf of themselves and others similarly situated*

      Plaintiffs,

   v.     Case No. _____

**INTER-CON SECURITY SYSTEM, INC.**

                                          **FLSA 216(b) Action**
                                          **RULE 23 Class Action**
      Defendant.                         **JURY DEMANDED**

## ORIGINAL FLSA MULTI-PLAINTIFF AND CLASS ACTION COMPLAINT

Named Plaintiffs, Carlissa Robinson and Jermany Goodman ("Plaintiffs"), individually and on behalf of themselves and other similarly situated current and former security guards, bring this Fair Labor Standards Act ("FLSA") multi-plaintiff action and Rule 23 class action against Inter-Con Security Systems, Inc. ("Defendant) and state as follows:

### I.    NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v.*

  *Helmerich & Payne,* 323 U.S. 37, 40 (1944)  (discussing the requirements of 29 U.S.C. § 207 (a)).

2. This lawsuit is brought against Defendant as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover the applicable FLSA minimum wage and overtime compensation rates of pay owed to Plaintiffs and other similarly situated security guards who are members of an FLSA multi-plaintiff action as defined herein and currently or previously employed by Defendant during all times material.

3. This lawsuit is also a Fed. R. P. 23 class action, alleging breach of contract, unjust enrichment, and quantum meruit claims under Tennessee common law.

## II. JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The claims are brought to recover unpaid back wages, an equal amount as liquidated damages, and reasonable attorneys' fees and costs.

5. This court has jurisdiction over the Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C. § 1367 because the claims are so related to those of this action within the Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs performed work for Defendant in this district during all times material herein. In addition, Defendant has conducted business in this district during all times material.

### III. PARTIES

7. Plaintiff Carlissa Robinson is an adult citizen of the United States and was employed as a security guard by Defendant during all times relevant to this action. Plaintiff Robinson's "Consent to Join" is attached as *Exhibit A*.

8. Plaintiff Jermany Goodman is an adult citizen of the United States and was employed as a security guard by Defendant during all times relevant to this action. Plaintiff Goodman's "Consent to Join" is attached as *Exhibit B*.

9. Defendant Inter-Con Security Systems, Inc. is a California corporation whose principal address is 210 S De Lacey Avenue, Pasadena, California 91105-2048. Defendant's registered agent for service of process is Paracorp Incorporated, 992 Davidson Drive (Suite B), Nashville, TN. 37205-1051.

### IV. COVERAGE

10. Defendant has been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA during all times material to this action.

11. During all time material, Defendant has earned more than $500,000.00 per year in gross sales.

12. Defendant employed two or more employees who handled goods, materials, and supplies that traveled in interstate commerce at all times.

13. In addition, Plaintiffs and those similarly situated have also engaged in interstate commerce on behalf of Defendant during all times material.

14. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## V. FACTUAL ALLEGATIONS

15. Defendant provides security services to customers in Tennessee and throughout the United States.

16. Plaintiffs and those similarly situated were employed as security guards for Defendant during all times material. (Plaintiffs have been employed by Defendant in its Memphis, Tennessee operations during all times material to this Complaint.)

17. Defendant has a time keeping system in which the compensable work hours of Plaintiffs and those similarly situated were to be recorded.

18. Unfortunately, Defendant has a common policy of failing to pay Plaintiffs, and those similarly situated, the applicable FLSA minimum wage and overtime compensation rates for all hours worked within weekly pay periods at all times material herein.

19. Defendant either failed to record all the compensable work hours of Plaintiffs and those similarly situated into its timekeeping system or "edited out" such compensable work hours from its timekeeping system.

20. For example, Plaintiffs and those similarly situated were not compensated by Defendant for the compensable time they spent continuing their job duties past their shift change until their relief security guard showed up for their shift.

21. Plaintiffs and those similarly situated were not paid for such "stay-over" time at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material.

22. In addition, Plaintiffs and those similarly situated were not compensated by Defendant for their mandatory training time at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material herein.

23. Plaintiffs and those similarly situated also were not paid for working during 30-minute unpaid meal breaks and/or not being fully relieved of their job duties during 30-minute unpaid meal breaks within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay during all times material. (For example, Plaintiff Goodman was not relieved of his duties during many 30-minute unpaid meal breaks due to a shortage of help.)

24. Moreover, Defendant promised Plaintiffs and those similarly situated higher hourly pay rates within weekly pay periods during all times material.

25. However, Defendant failed to pay Plaintiffs and other Rule 23 class members the promised hourly pay rates or failed to pay them the promised wage increases.

26. In addition, Defendant failed to pay Plaintiffs and others similarly situated their regular hourly rates of pay for the aforementioned unpaid "stay-over" time, the unpaid training time, and the unpaid "meal break" time when they did not work more than forty (40) hours per weekly within weekly pay periods during all times material.

27. Therefore, Defendant breached its contractual obligations to Plaintiffs and other Rule 23 class members by failing to pay them their regular hourly rates of pay for the aforementioned unpaid "stay-over" time, the unpaid training time, and the unpaid "meal break" time when they did not work more than forty (40) hours per weekly within weekly pay periods during all times material.

28. Defendant knew, and was aware at all relevant times, that it was not compensating Plaintiffs and those similarly situated for all their work hours at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material.

29. Defendant also knew and was aware, at all relevant times, that it did not pay Plaintiffs and other Rule 23 members their promised hourly wage increases and regular hourly rates of pay for all their work hours within weekly pay periods at all material times, as described above.

30. Defendant willfully, with reckless disregard to established FLSA overtime provisions, failed to pay Plaintiffs, and those similarly situated the applicable FLSA minimum wage and overtime compensation rates of pay owed them within weekly pay periods during all times relevant herein.

31. Defendant does not have a good faith basis for its violations of the FLSA.

32. Defendant failed to keep timely and accurate pay records of Plaintiffs and those similarly situated as is required by the FLSA.

33. The unpaid wage claims of Plaintiffs and those similarly situated are unified through common theories of Defendant's FLSA violations.

34. As a result of Defendant's willful failure to pay Plaintiffs and those similarly situated in compliance with the applicable FLSA minimum wage and overtime compensation requirements of the FLSA, they have suffered lost wages and other damages.

35. Defendant's scheme of failing to compensate Plaintiffs and those similarly situated for all their compensable work hours at the minimum wage and overtime compensation rates of pay within weekly pay periods during all times material was to save payroll costs and payroll taxes, all for which it has received unpaid work services, unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiffs and others similarly situated.

## VI.     RULE 23 CLASS ACTION ALLEGATIONS

36. Plaintiffs bring this cause as a Fed. R. Civ. P. 23 class action on behalf of themselves and other Rule 23 class members to recover promised wages, as previously described.

37. Specifically, Plaintiffs bring this Fed. R. Civ. P. 23(b)(3) class action against Defendant on behalf of themselves and the following Rule 23 class members:

> All security guards employed by Defendant in the State of Tennessee during the past six years preceding the filing of this Original Complaint were not paid all wages and compensation owed them by Defendant. (The "Rule 23 class").

38. As previously described, Defendant promised Plaintiffs and those similarly situated higher hourly rates of pay for their work time.

39. However, Defendant failed to pay Plaintiffs and other Rule 23 class members the promised higher hourly rates of pay.

40. Defendant breached its contractual obligations to Plaintiffs and other Rule 23 class members by such failure.

41. Moreover, Defendant unjustly enriched itself by failing to pay Plaintiffs and other Rule 23 class members promised compensation, as described heretofore.

42. Defendant also received value for the work time Plaintiffs and other Rule 23 class members spent on behalf of Defendant without compensating them for the value of such services - in contravention of Tennessee's common law of quantum meruit.

43. The precise number of Rule 23 class members is not known as of this time. However, the exact number of such class members can easily be ascertained by examining the Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

44. Questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members.  These common questions of law or fact are:

    (a) Whether Defendant breached its contractual obligations to Plaintiffs and other Rul3 23 class members by its failure to pay them, the promised higher hourly rates of pay and their hourly rates of pay for all hours worked (irrespective of the number of hours worked) within weekly pay periods during all times material herein.

    (b) Whether Defendant unjustly enriched itself by failing to pay Plaintiffs and other Rule 23 class members the hourly rates of pay it promised them.

    (c) Whether Defendant received valuable services for the work time spent by Plaintiffs and other Rule 23 class members without compensating them for the value of such work services.

    (d) The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for Plaintiffs and the Rule 23 class members for such injury.

45. Plaintiff's claims are typical of Rule 23 class claims, as alleged herein.

46. Plaintiffs' claims and those of the members of the Rule 23 class arose from the same Defendant's actions or inactions herein, and the claims are based on the same legal theories.

47. The identity of the Rule 23 class members is readily ascertainable. For notice and other purposes related to this action, their names and addresses are readily available from Defendant.

48. Plaintiffs are adequate class representatives.

49. Plaintiffs' unpaid wage claims are typical of those claims that could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief that would be

sought by each member of the putative Rule 23 class in separate actions.

50. Plaintiffs and Rule 23 class members are/were subject to the same unlawful practices of Defendant in its failure to pay them all their promised wages.

51. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of the Rule 23 class claims herein, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

52. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions require.

53. Adjudicating individual litigation claims would require a significant expenditure of Court and public resources. However, treating the claims as a class action would result in substantial savings.

54. Although the relative damages suffered by individuals in the class are not *de minimis,* they are small compared to the expense and burden of prosecuting this litigation individually.

55. Consequently, class treatment is a superior mechanism for resolving this dispute compared to adjudicating individual litigation claims.

56. Current employees often fear asserting their rights because they fear direct or indirect retaliation. Former employees may fear bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint with a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.)

57. Plaintiffs have engaged the law firm Jackson, Shields, Holt, Owen & Bryant to pursue their unpaid wage claims and those of other Rule 23 members. (The Jackson, Shields, Holt, Owen & Bryant law firm focuses on wage and hour claims under the FLSA and state laws.)

58. The law firm has represented numerous other employees asserting unpaid wage claims.

59. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiffs and other members of this Rule 23 class action are relatively small in comparison to the fees, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to seek address for the wrongs done to them individually.

60. While the exact number of Rule 23 class members is unknown and can be accessible via discovery, the Plaintiffs believe there are sufficient numbers of such individuals to satisfy the numerosity requirements of this Rule 23 class action.

61. Plaintiffs and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage practices implemented and administered by Defendants.

### VII. MULTI-PLAINTIFF ACTION ALLEGATIONS

62. Plaintiffs bring this action on behalf of themselves and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

63. Plaintiffs seek to send notice to the following similarly situated current and former hourly-paid security guards of Defendant, to wit:

> All security guards who were employed by Defendant in Tennessee at any time during the applicable statutory period covered by this Multi-Plaintiff Action Complaint (i.e., two years for FLSA violations and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

64. Those who elect to join this action under 29 U.S.C. § 216(b) may pursue claims under the FLSA.

65. The claims of Plaintiffs are typical of the claims of potential plaintiffs in this action.

66. Plaintiffs and potential plaintiffs to this action are similarly situated in that they were subjected to Defendant's unlawful common policy and practice of failing to pay them for all their compensable hours of work at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

67. Plaintiffs and potential plaintiffs are similarly situated because they have been similarly deprived of the minimum wages and overtime compensation owed them as a result of Defendant's unlawful practices.

68. Plaintiffs and potential plaintiffs to this action are also similarly situated in that their unpaid wage claims are unified through common theories of the Defendant's FLSA violations.

69. Plaintiff will fairly and adequately protect the interests of potential plaintiffs in this action as their interests align with those of such potential plaintiffs.

70. Plaintiffs have no interests adverse to the interest of potential plaintiffs in this action.

71. Plaintiffs have retained competent counsel who are experienced in multi-plaintiff action litigation.

72. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation

suffered by individual plaintiffs in a multi-plaintiff action are relatively small compared to the fees, costs, and burden of litigation in individual actions, making it virtually impossible for plaintiffs to seek redress for the wrongs done to them individually.

73. Plaintiff and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay policies and practices implemented and administered by Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

74. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

75. Plaintiffs and potential plaintiffs are similarly situated because they have been similarly deprived of the minimum wages and overtime compensation owed them due to Defendant's unlawful practices, as previously described.

76. Defendant's failure to pay Plaintiffs and potential plaintiffs for all their hours worked within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay has violated the FLSA.

77. Defendant's common practice of willfully failing to pay Plaintiffs and potential plaintiffs at the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods has resulted in their unpaid wage claims being unified through common theories of Defendant's FLSA violations.

78. Defendants had actual knowledge of failing to pay Plaintiffs and potential plaintiffs all the applicable FLSA minimum wages and overtime compensation to which they are entitled.

79. Defendant's conduct, as described herein, was willful with reckless disregard to clearly established FLSA compensation requirements.

80. Defendant's violations were without a good faith basis.

81. Plaintiffs and potential plaintiffs are therefore entitled, and hereby seek, to recover compensation from Defendant: unpaid minimum wages and overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

### COUNT II
### RULE 23 CLASS ACTION – BREACH OF CONTRACT

82. Plaintiffs incorporate by reference all the preceding paragraphs as if entirely written herein.

83. Plaintiffs assert a breach of contract claim because the Defendant entered into valid and enforceable unilateral wage contracts with them and other Rule 23 class members pursuant to Tennessee common law by promising them a higher hourly rate of pay and their regular hourly rates of pay for all hours worked, as previously described.

84. As previously described, the defendant breached such unilateral contract with Plaintiffs and other Rule 23 class members.

85. Defendant knew that it failed to pay the Plaintiffs and other Rule 23 class members all the money owed to them under the unilateral contract.

### COUNT III
### RULE 23 CLASS ACTION - UNJUST ENRICHMENT CLAIM

86. Plaintiffs incorporate by reference all the preceding paragraphs as if entirely written herein.

87. Plaintiffs assert an unjust enrichment claim under Tennessee common law on the basis that Defendant failed to pay them a higher hourly rate of pay as promised and their promised hourly rates of pay for all hours worked, as previously described.

88. As previously noted, Defendant unjustly enriched itself by failing to pay Plaintiffs the

higher rates of pay promised and their regular hourly rates of pay regardless of the number of hours worked.

89. Defendant was aware it failed to pay Plaintiffs and other Rule 3 class members all the money owed him.

90. Defendant's failure to pay Plaintiffs and other Rule 23 class members all the money promised them made it inequitable.

## COUNT IV.
## RULE 23 CLASS ACTION – QUANTUM MERUIT

91. Plaintiffs incorporate by reference all the preceding paragraphs as if entirely written herein.

92. Plaintiffs assert a quantum meruit claim under Tennessee common law because they and each member of the Rule 23 class provided valuable services to Defendant during all times material.

93. Defendant accepted the work services of Plaintiffs and Rule 23 class members and had reasonable notice that they expected to be paid the promised higher hourly rates of pay and their regular hourly rates of pay for their work spent on behalf of Defendant.

94. However, Plaintiff and the Rule 23 class members were not paid for their work at such promised higher hourly rates of pay and their regular hourly rates of pay for the time they spent working on behalf of Defendant.

95. The reasonable value of the work time Plaintiffs and Rule 23 members spent on behalf of Defendant is consistent with that promised because Defendant benefitted to such degree or more from such work provided.

## **PRAYER FOR RELIEF**

Whereas Plaintiffs, individually and/or on behalf of themselves and all others similarly situated, request this Court to grant the following relief against Defendants:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. For an Order finding Defendants liable under the FLSA for unpaid minimum wages and overtime compensation owed to Plaintiffs and potential plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs and potential plaintiffs;

C. For an Order finding that Defendant's violations of the FLSA were willful.

D. An award of costs, expenses, and disbursements relating to this action, together with reasonable attorneys' fees and expert fees to FLSA Plaintiffs and potential plaintiffs.

E. For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

F. An award of damages to Plaintiffs and Rule 23 class members for Defendant's breach of contract.

G. An award of damages to Plaintiffs and Rule 23 class members for Defendant's unjust enrichment.

H. An award of damages to Plaintiffs and Rule 23 class members against Defendants related to their quantum meruit claims.

I. An award of prejudgment and post-judgment interest at the applicable legal rate to Rule 23 Plaintiffs and Rule 23 class members;

J.      Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

March 5, 2025,                              Respectfully Submitted

                                                              *s/J. Russ Byrant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Cooper Mays (TN BPR #042347)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood @jsyc.com*
*cmays@jsyc.com*

***ATTORNEYS FOR PLAINTIFFS AND FOR OTHERS SIMILARLY SITUATED***